IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON, ) | No. C 09-0547 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL;** |
| ) | **DENYING LEAVE TO** |
| v. ) | **PROCEED IN FORMA** |
| ) | **PAUPERIS** |
| CONTRA COSTA COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | **(Docket No. 2)** |
| ) | |
| Defendant. ) | |
| _____ ) | |

      On February 6, 2009, plaintiff, a California prisoner then incarcerated at the Contra Costa County Jail in Martinez and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983.  Together with his complaint, plaintiff filed an incomplete application to proceed in forma pauperis ("IFP").  That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved IFP application.  Specifically, in said notice, plaintiff was advised that he must submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison, and must attach a copy of his prisoner trust account statement showing transactions for the last six months.  Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action.  Along with said notice, plaintiff was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

      On February 20, 2009, the Clerk of the Court filed a notice from plaintiff that he had

been transferred to San Quentin State Prison ("SQSP"). On February 25, 2009, the IFP deficiency notice that had been sent to plaintiff at the Contra Costa County Jail was returned to the court as undeliverable, for the reason that plaintiff was no longer incarcerated at that location. The Clerk then re-sent the IFP deficiency notice to plaintiff at SQSP. On March 5, 2009 that notice also was returned to the court as undeliverable. Notations on the envelope in which the notice was returned indicate the notice had been forwarded from SQSP to the California Correctional Institution ("CCI"), but that plaintiff was not incarcerated at CCI. Under the circumstances, the Court, on April 23, 2009, made one final attempt to notify plaintiff of his deficient IFP application; the Clerk sent a new IFP deficiency notice, court-approved prisoner's IFP application, instructions for completing it, and a return envelope to plaintiff at SQSP, and the Court again advised plaintiff that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. That notice has not been returned.

More than thirty days have passed since the April 23, 2009 IFP deficiency notice was sent to plaintiff at his most recent address, and he has not filed a completed IFP application or paid the filing fee. Accordingly, the above-titled action is hereby DISMISSED without prejudice. Additionally, the incomplete application to proceed in forma pauperis is hereby DENIED and no fee is due.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 29, 2009

MAXINE M. CHESNEY
United States District Judge

2